UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHANDRA T.G.,[1]

        Plaintiff,

v.                                                        Civil No. 2:23cv495

MARTIN O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## FINAL ORDER

Chandra T.G. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI") under the Social Security Act. ECF No. 1. The United States Magistrate Judge assigned to this case issued a detailed Report and Recommendation ("R&R") recommending resolution of this case in favor of the Commissioner, ECF No. 25, and Plaintiff has filed an objection to the R&R, ECF No. 26. For the reasons set forth herein, the Court **ADOPTS** the R&R, as modified below, and **AFFIRMS** the final decision of the Commissioner.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

## I. PROCEDURAL BACKGROUND

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. ECF No. 7. On October 29, 2024, the Magistrate Judge issued a detailed R&R recommending that Plaintiff's request for the case to be remanded for a new hearing be denied, and that the Commissioner's request that the Court affirm the final decision of the Commissioner be granted. ECF No. 25, at 33. By copy of the R&R, each party was advised of the right to file written objections, and on November 12, 2024, the Court received Plaintiff's timely objection to the R&R. ECF No. 26. The Commissioner filed a response, ECF No. 27, and the matter is ripe for review.

## II. LEGAL STANDARD

### A. Standard of Review

When a dispositive motion is referred to a magistrate judge, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1)(B). A proper objection should be articulated "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). For portions of the R&R to which no

2

proper objection is made, a district judge must review only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

When reviewing a final administrative decision, the district court "must uphold the factual findings of the [Administrative Law Judge ("ALJ")] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). Substantial evidence is "more than a mere scintilla," but requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (citations omitted); accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023).

A reviewing court does not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (cleaned up), superseded on other grounds, 20 C.F.R. § 404.1527. Indeed, when there is a dispute over the extent of a claimant's physical or mental limitations, the issue for the court "is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence . . . ." Dunn v. Colvin, 973 F. Supp. 2d 630, 638 (W.D. Va. 2013) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Though this is a deferential standard of review, the ALJ still "must 'build an

3

accurate and logical bridge' from the evidence to their conclusions" to pass muster. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

### B. Applicable Regulations

The ALJ is required to follow a five-step sequential analysis to evaluate whether an individual has a requisite disability for benefits under the Social Security Act. 20 C.F.R. § 404.1520(a). The sequential analysis includes the following assessments: (1) whether the claimant is engaged in substantial gainful activity; (2) the severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration's official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can adjust to employment other than past relevant work in light of the claimant's RFC, age, education, and work experience. Id.

When conducting this five-step analysis for mental impairment claims (such as Plaintiff's), the ALJ must also follow the "special technique" set forth in 20 C.F.R. § 404.1520a. This technique requires the ALJ to "rate the degree of functional limitation resulting from [any medically determinable mental] impairment(s)"

4

in "four broad functional areas": (1) "[u]nderstand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself." 20 C.F.R. § 404.1520a(b)(2), (c)(3). Limitations in these functional areas are rated on a five-point scale: "[n]one, mild, moderate, marked, and extreme." Id. § 404.1520a(c)(4). The ALJ uses these ratings to determine the "severity" of the claimant's mental impairments for steps two and three of the five-step analysis. Id. § 404.1520a(d). Of particular relevance here, a limitation is "marked" for purposes of this assessment if the claimant's functioning in that particular area "independently, appropriately, effectively, and on a sustained basis is seriously limited." 20 C.F.R. Pt. 404, Subpt. P, App 1, § 12.00(F)(2)(d). By contrast, a limitation is "moderate" if the claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." Id. § 12.00(F)(2)(c).

Once the ALJ has rated the severity of each impairment, they will determine if any impairment (or combination thereof) "meets or is equivalent in severity to a listed mental disorder." 20 C.F.R. § 404.1520a(d)(2). If not, then the ALJ will move to steps four and five and assess the claimant's RFC. Id. § 404.1520a(d)(3).

5

### III. DISCUSSION

Plaintiff offers only one objection to the R&R: that the Magistrate Judge erred in finding that the ALJ properly determined that "plaintiff had only a moderate limitation in understanding, remembering, or applying information." ECF No. 26, at 1-2. In support of this objection, Plaintiff argues that: (1) the ALJ erred when considering school records describing Plaintiff's "strengths" ("Plaintiff's self-report")[2] because those records were from approximately seven years prior to Plaintiff's disability onset date; and (2) if Plaintiff's self-report is not considered, all other evidence supports the finding that Plaintiff is "markedly limited" in understanding, remembering, or applying information. Id. at 2-3. The Court addresses each of these arguments in turn.

#### A. Reliance on Evidence Predating Alleged Disability Onset Date

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not commit error when referring to Plaintiff's self-report — dated seven years before her disability onset date — when determining Plaintiff's ability to understand, remember, or apply information. Specifically, Plaintiff appears to argue that, because the ALJ cited Plaintiff's self-report in the same paragraph

---

[2] The Court is unable to determine whether the descriptions of Plaintiff's strengths in this report were provided by Plaintiff or Plaintiff's mother. However, as Plaintiff noted in her objection to the R&R, determining which of them provided these descriptions is not material to evaluating the relevancy of the report. ECF No. 26, at 2 n.3.

6

where he found that Plaintiff was moderately limited in this area, the ALJ found Plaintiff's self-report material when making this decision. In contrast, the Magistrate Judge found that the ALJ did not err when referencing Plaintiff's self-report because the ALJ correctly identified it as part of Plaintiff's high school records, and its citation was merely part of Plaintiff's background history of mental health impairment — not "the entire basis for his decision." ECF No. 25, at 27.

For context, Plaintiff's self-report is part of an Individualized Education Program report dated May 8, 2012, under the header "student's strengths as reported by parent." R. 399. The report references "a recent interview [on] September 27, 2011 with [Plaintiff]," discusses Plaintiff's personal preferences and goals, and provides that "[t]he personal characteristics that describes [Plaintiff] are loyal, dependable, cooperative, generous, competent, capable, intelligent, quiet, honest, alert and polite." Id. (emphasis added).[3]

Evidence that predates the alleged disability onset date is of limited relevance. See Nixon v. Astrue, No. 2:11cv122, 2012 U.S. Dist. LEXIS 22478, *51 (E.D. Va. Jan. 18, 2012) (finding that

---

[3] Plaintiff also contests the ALJ's characterization of this evidence as "school records." The Court agrees with Plaintiff that the ALJ could have been more precise when labeling this report as "school records" because this description — without additional context — does not account for the strong indicators that the statements were provided by either Plaintiff or her mother. That said, the ALJ is correct that this description of Plaintiff's strengths was in fact part of the Norfolk Public Schools' records.

7

medical records predating the "alleged disability onset date by more than five years . . . [were] of little relevance to the ALJ's [] determination"); <u>Carmickle v. Commissioner, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). While an ALJ may not support their decision solely on evidence of limited relevance, they can rely on such evidence if they: (1) "acknowledge that the evidence predates the alleged onset date"; and (2) explain the evidence's "relevance to a plaintiff's disability claim." <u>Searles v. Colvin</u>, 2:14cv474, 2015 U.S. Dist. LEXIS 169511, at *24 (E.D. Va. Nov. 25, 2015).

Here, the ALJ clearly stated that Plaintiff's self-report was part of her <u>school records</u>, and since Plaintiff's alleged disability onset date was May 24, 2019 — when she was <u>26 years old</u> — the ALJ effectively identified that the referenced evidence long predated Plaintiff's alleged disability. Regarding explaining the relevancy of Plaintiff's self-report to her claim, the context in which the ALJ referenced Plaintiff's self-report is important, as it is first mentioned immediately before a reference to Plaintiff's cognitive testing results from <u>2003</u> revealing "a full-scaled IQ of 63." R. 14. The only other time the ALJ cited Plaintiff's self-report was in a paragraph providing background on Plaintiff's "special education services for learning disorder" and intellectual disability. R. 18. Moreover, the ALJ did not

8

expressly assign any degree of persuasiveness or relevance to Plaintiff's self-report, or any other evidence that predated Plaintiff's alleged disability onset date. Therefore, after <u>de novo</u> review, the Court agrees with the Magistrate Judge's conclusion that the ALJ did not err by referencing this evidence because Plaintiff's self-report was cited as background information that was not ascribed any degree of persuasiveness.

### B. Substantial Evidence Supports the Findings that Plaintiff is Moderately Limited in Understanding, Remembering, or Applying Information

Plaintiff's second argument is that all evidence other than Plaintiff's self-report supports the finding that she is markedly limited in "understanding, remembering, or applying information" — not moderately limited. ECF No. 26, at 3. As provided immediately above, the Court finds that the ALJ did not err by referencing Plaintiff's self-report as part of Plaintiff's mental health background. However, even assuming for the sake of the argument that this reference was improper, a remand to the Commissioner is not appropriate because Plaintiff fails to show that the ALJ did not cite to substantial evidence when determining that Plaintiff has "only a moderate" limitation in understanding, remembering, or applying information. See <u>Mickles v. Shalala</u>, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits in a two-judge concurring opinion because, even assuming that the ALJ

9

erred in the plaintiff's pain evaluation, "he would have reached the same result notwithstanding his initial error").

In his decision, the ALJ directly referenced mental status notes providing that, in 2019 and 2020, <u>after</u> Plaintiff's alleged disability onset date: (1) Plaintiff had at a minimum adequate judgment and insight and an organized or logical thought process when evaluated by mental health professionals on at least 10 occasions, R. 686, 695, 721, 729, 733, 747, 755, 767, 771, 818; and (2) Plaintiff's memory was evaluated by mental health professionals as good or normal on at least 9 occasions, R. 686, 720, 818, 821, 835, 837, 839, 845, 866.[4] The ALJ also discussed the opinions of Dr. Bockner and Dr. Entin, including their findings that Plaintiff: (1) is <u>moderately limited</u> in her ability to "understand and remember detailed instructions"; and (2) has the ability to "recall short and simple instructions." R. 171, 184, 197, 211. Additionally, the ALJ considered Plaintiff's demonstrated ability to live on her own for more than seven years, work a part-time job, and care for two young children and a dog

---

[4] The R&R explains that the ALJ considered evidence indicating adequate, intact, or normal memory 21 times and mental status notes "revealing organized thought process and good insight and judgment during 13 therapy sessions in 2020." ECF No. 25, at 28. While this evidence is part of the general record considered by the ALJ, the ALJ's decision does not cite to all the exhibits containing those mental status notes when considering Plaintiff's ability to understand, remember, and apply information or her overall mental aptitudes. Therefore, the Court does not adopt the R&R references to these additional mental status examinations and instead relies only on the direct references made by the ALJ to mental status notes regarding Plaintiff's memory, judgment, insight, and logical thought process as provided above.

— finding these abilities inconsistent with a person having a "marked" limitation in her "ability to understand and remember short and simple instruction." R. 18, 20, 714. The Court finds that this evidence adequately supports the ALJ's conclusion that Plaintiff is moderately limited in understanding, remembering, or applying information.

Plaintiff argues that there was other evidence the ALJ could have considered that supported a finding that Plaintiff is <u>markedly</u> limited in understanding, remembering, or applying information. In particular, Plaintiff cites to: (1) full-scale IQ testing from 2003 and 2019 reflecting a full IQ of 63 and 57 respectively; and (2) mental status findings that Plaintiff's ability to accurately process simple visual material was in the extremely low range. ECF No. 26, at 3. However, this argument improperly asks this Court to re-weigh the evidence and substitute the Court's judgment for that of the ALJ. Such action falls outside of the province of a reviewing court tasked with determining whether the ALJ's factual findings are "supported by substantial evidence." <u>Mastro</u>, 270 F.3d at 176.

The Court therefore overrules Plaintiff's objection that the Magistrate Judge erred with respect to the ALJ's determination

11

that Plaintiff had a moderate limitation in understanding, remembering, or applying information.[5]

## IV. CONCLUSION

For the reasons explained above, the R&R is **ADOPTED** as the Court's opinion except as modified above, ECF No. 25, and the final decision of the Commissioner is **AFFIRMED**.

The Clerk is **REQUESTED** to forward a copy of this Final Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 10, 2025

---

[5] The undersigned has reviewed the remainder of the R&R and finds no clear error in the unobjected-to portions of the Magistrate Judge's findings or reasoning. See Elijah, 66 F.4th at 460. The Court therefore adopts the rest of the R&R without modification.

12